IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL MORALES, JR., | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3131 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Raul Morales, Jr. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Dawson County, Nebraska, on or about May 10, 2001. The petitioner alleges three § 2254 claims, i.e., two claims of ineffective assistance of trial counsel and a third claim alleging ineffective assistance of postconviction counsel. On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required as to the petitioner's first two claims, but that the third claim must be dismissed for the reasons stated below. In addition, I cannot determine from the record before the court at this time whether the § 2254 petition is timely.

The petitioner's third claim, which alleges ineffective assistance of counsel during his postconviction proceedings, does not provide a basis for federal habeas corpus relief.

Claims relating to state postconviction proceedings are not cognizable in a federal habeas corpus action.  28 U.S.C. § 2254(i) states:  "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  See also  Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (because there is no constitutional right to an attorney in state postconviction proceedings, a petitioner may not base a federal habeas corpus claim on a deprivation of effective assistance of counsel in state postconviction proceedings).

Similarly, other errors during state postconviction review are not cognizable in a federal habeas corpus proceeding.  See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state post-conviction court to hold a hearing and provide written findings are not cognizable in federal habeas corpus action).

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review);  Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied  525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state post-conviction] process are not cognizable in federal habeas proceedings"); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief").

Accordingly,  the respondent shall answer or otherwise respond to the first and second of the petitioner's claims raised in his § 2254 petition and shall address any appropriate affirmative defenses.

IT IS THEREFORE ORDERED:

1.    That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

  2. That the petitioner's third § 2254 claim, which relates to his state postconviction proceedings, is dismissed;

  3. That, by September 1, 2005, the respondent shall file an Answer to the § remaining claims in the 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

  4. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

  5. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

  6. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

  7. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

  DATED this 1st day of August, 2005.

           BY THE COURT:

           s/ Joseph F. Bataillon
           JOSEPH F. BATAILLON
           Chief District Judge