IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAUL MORALES, JR., ) | |
| ) | |
| Petitioner, ) | 4:05cv3131 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 17, the petitioner's Motion for a Continuance. The petitioner filed his motion in response to my Order of April 4, 2006 (filing no. 16) inquiring why he had not filed his brief in accordance with the Progression Order issued on January 17, 2006 (filing no. 11) and whether he needed an extension of time to do so. The petitioner responds that he does require an extension of time, and he attaches an Affidavit by the legal aide who has been assisting him in preparation of his habeas corpus materials. The legal aide, Mr. Cole, reports that corrections staff confiscated the petitioner's legal papers from Mr. Cole's possession on February 22, 2006, because of a prison rule prohibiting a legal aide from having possession of another inmate's legal papers anywhere other than in the prison law library. As a result of typing the petitioner's legal papers in his cell, Mr. Cole received a disciplinary penalty, the corrections officers confiscated the papers which they have yet to return, and the petitioner did not meet his deadline for submission of his brief. Had I not inquired, the petitioner would have forfeited his right to be heard in this and any subsequent habeas corpus case based on the same conviction.

It strikes me that the long-term confiscation of the petitioner's papers from his legal aide, causing the petitioner to miss the deadline for his habeas corpus brief, raises a serious issue regarding denial of the petitioner's right of access to the courts. The refusal of corrections staff to return the legal papers to the litigant or his legal aide for completion and filing also impedes this court's ability to manage its own docket. That, too, is not a small matter. Only the respondent benefits from the confiscation of inmate legal papers.

THEREFORE IT IS ORDERED:

1. That the petitioner may have an extension of time until thirty (30) days after the return of the legal papers in question to file his brief;

1

2.	That, as the respondent is the Director of the Department of Correctional Services, the respondent shall ensure that the legal papers are immediately returned to either the petitioner or Mr. Cole, or, if he prefers, the respondent may instead show cause in writing by no later than May 12, 2006, why the legal papers have not been returned and when they will be or why they will not be.

DATED this 26th day of April, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge